FILED
U.S. DIST. COURT
SAVANNAH DIV.

2007 AUG -8 I A :: 31

CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

DAVID RICHARD SUTHERLAND, )
)
Plaintiff, )
)
v. ) Case No. CV407-096
)
AL ST. LAWRENCE, )
McARTHUR HOLMES, )
)
Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On July 12, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.[1]

Plaintiff, a pretrial detainee at Chatham County Jail, contends that on November 27, 2005, he suffered chest pains and asked the "on duty officer" for medical assistance. Doc. 6 (amended complaint). Plaintiff was

---

[1] Since filing his complaint, plaintiff has filed a motion to amend in which he seeks to "remove the first statement of claim" and asks that the amended statement of claim "be placed in the record." Doc. 6. Plaintiff's motion is GRANTED. The Court will only consider his amended complaint in the initial screening of his claims.

sent back to his cell after the officer refused to help him, and while in his cell, plaintiff suffered a heart attack. Id. Plaintiff complains that after suffering a heart attack it "still took time for medical help to arrive" before he was taken to the hospital and "revived." Id. Plaintiff also alleges that he was refused medical care for a hernia injury that he suffered after being arrested on September 27, 2006. Id. Plaintiff was arrested again on May 2, 2007, and he contends that the medical unit still refused to provide proper care for his hernia injury. Id.

Plaintiff appears to be bringing a claim for denial of medical care in violation of the Eighth Amendment.[2] The Eighth Amendment requires prison authorities to provide medical care for those they incarcerate, and the Supreme Court has held that "deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." Estelle v. Gamble, 429 U.S. 97, 105 (1976). For denial of medical care to constitute

---

[2] Plaintiff is a pretrial detainee at Chatham County Jail. Although the Eighth Amendment's proscription of "cruel and unusual punishment" applies only to convicted prisoners and not to pretrial detainees, it is well settled that the due process clause of the Fourteenth Amendment guarantees detainees the same level of protection mandated by the Eighth Amendment for convicted persons. Hamm v. DeKalb County, 774 F.2d 1567, 1573-74 (11th Cir. 1985) ("states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights."). Thus, the Court will look to Eighth Amendment jurisprudence in evaluating plaintiff's claims.

an Eighth Amendment violation, the plaintiff must show: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000). However, "a complaint that a physician has been *negligent* in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle, 429 U.S. at 106 (emphasis added) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); see also Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) ("'[I]t is obduracy and wantonness, not inadvertence or error in good faith,' that violates the Eighth Amendment in 'supplying medical needs.'") (quoting Whitley v.Albers, 475 U.S. 312, 319 (1986)); Edwards v. Battalino, 2000 WL 104470, at *1 (9th Cir. 2000) (evidence showing defendants were negligent in failing to administer psychotropic drugs insufficient to state § 1983 cause of action). Plaintiff must also allege and prove a "subjective awareness of the relevant risk" by medical personnel. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

Plaintiff has named Sheriff Al St. Lawrence and Jail Administrator McArthur Holmes as defendants, but he has failed to mention either defendant in the body of his complaint. Plaintiff is apparently attempting to pursue claims of vicarious liability against these defendants. Claims brought pursuant to § 1983, however, cannot be based upon theories of vicarious liability or respondeat superior. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Social Servs. of N.Y., 436 U.S. 658, 691 (1978). Rather, the plaintiff must demonstrate either that the individual defendant directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and the injury allegedly sustained. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that a supervisory official implemented or promulgated an official policy or failed to act after a history of widespread abuse put the official on notice of the need to take corrective action. Brown, 906 F.2d at 671; Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988). A plaintiff must show that the supervisor's knowledge amounted to deliberate indifference

to the asserted harm or risk, in that his knowledge was "so pervasive that the refusal to prevent harm rises to the level of custom or policy of depriving inmates of their constitutional rights." Tittle v. Jefferson County Comm'n., 10 F.3d 1535, 1541-42 (11th Cir. 1994) (Kravitch, J., concurring). Thus, "the standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Here, plaintiff does not allege that Al St. Lawrence or McArthur Holmes personally participated in any denial of medical care or that either defendant promulgated any policy that led to a violation of his Eighth Amendment rights. Plaintiff has failed to even mention either defendant in the body of his complaint. Plaintiff, therefore, has failed to allege any facts which would demonstrate that defendants' knowledge of any deficiencies of medical treatment at Chatham County Jail was so pervasive that their refusal to prevent plaintiff's injuries "rises to the level of custom or policy of depriving [plaintiff] of [his] constitutional rights." Tittle, 10 F. 3d at 1541. Plaintiff has failed to establish a causal connection between any acts or omissions of either defendant and his injuries. Accordingly,

plaintiff's complaint fails to state a claim upon which relief may be granted and should be DISMISSED.[3]

**SO REPORTED AND RECOMMENDED** this 8TH day of **August, 2007.**

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] Plaintiff has also filed a motion for an injunction. Doc. 7. That motion is DENIED.