# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| DAVID RICHARD SUTHERLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV407-096 |
| ) | |
| AL ST. LAWRENCE, ) | |
| McARTHUR HOLMES, DR. SAMS, ) | |
| and DR. JACKSON, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

David Sutherland, currently detained at Coastal State Prison, filed two 42 U.S.C. § 1983 complaints with this Court asserting three claims of deliberate indifference to his medical needs, all of which arose during his detention at the Chatham County Jail. (Doc. 1); Sutherland, No. CV407-159 (S.D. Ga. filed Oct. 23, 2007). In the first complaint, Sutherland contended that defendants Holmes and St. Lawrence caused him to suffer a heart attack and failed to provide him adequate medical treatment for a hernia. (Doc. 37.) Sutherland's second complaint claimed that defendants Holmes, St. Lawrence, Dr. Sams, and Dr. Jackson denied him necessary

dental care. (Id.; Doc. 61.) On December 19, 2007, the two cases were consolidated into a single action. (Doc. 37.) Holmes and St. Lawrence moved for summary judgment on September 9, 2008. (Doc. 77.) The next day, defendants Sams and Jackson joined in that motion. (Doc. 88.) Plaintiff has responded in opposition to the defendants' motion. (Doc. 93.) For the following reasons, defendants' motion should be **GRANTED**, and this case should be **DISMISSED**.

I. **BACKGROUND FACTS**

Before delving into the details surrounding Sutherland's claims, the Court notes that all material facts set forth in defendants' statement of uncontested material facts are deemed admitted for the purposes of this motion, as Sutherland failed to controvert them by filing his own statement of material facts supported by evidence in the record.[1] L.R. 56.1.

---

[1] Sutherland is proceeding *pro se*, and *pro se* litigants are generally permitted some leeway in the application of procedural rules. His filings reveal, however, that he is a sophisticated litigant who is quite familiar with this Court's Local Rules; he has twice relied upon them in crafting motions. (Docs. 47 & 52.) Moreover, the Court warned Sutherland of the consequences of failing to observe the Rule's requirements, explicitly advising him to "consult . . . the Local Rules for the Southern District of Georgia, especially Local Rule 56.1." (Docs. 80 & 89.) The Court went so far as to explain that if the "opponent's Statement of Material Facts set[s] forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those

Accordingly, the Court must "disregard or ignore evidence relied on by the respondent--but not cited in its response to the movant's statement of undisputed facts--that yields facts contrary to those listed in the movant's statement." Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008); see also Cockrell v. Sparks, 510 F.3d 1307, 1310n.2 (11th Cir. 2007) (applying similar local rule in § 1983 action). However, the Court shall review the defendants' citations to the record to determine whether "there is, indeed, no genuine issue of material fact." Reese, 527 F.3d 1253, 1269 (11th Cir. 2008).

A.  **Heart Attack**

On December 11, 2005, Sutherland complained of chest pains. At around 1:00 p.m., a "Signal 55" was called to the nurses station. Within three minutes, Nurse Morgan arrived at the scene with a crash cart. She assessed Sutherland using the "Patient Care Protocol for Chest Pain" and concluded that he was not in need of emergency care at that time.[2]

---

facts with your own Statement of Material Facts which also sets forth facts supported by evidence." (Docs. 80 & 89.) Accordingly, it is appropriate to apply the Rule in this instance. See Holtz v. Rokefeller & Co., 258 F.3d 62, 73 (2nd Cir. 2001) (cited by Reese and applying Rule to *pro se* plaintiff).

[2] The Watch Commander's Logbook at 1:00 p.m. on December 11, 2005, states "Signal-55 1-B [chest pains] called on I/M Sutherland, David - Nurse Morgan responded,

3

Sutherland did not complain of his condition again until 10:37 p.m. At that time, another Signal 55 was called. Nurse Talley arrived at Sutherland's cell and promptly called a code red because he was not breathing and had apparently suffered a heart attack. Nurse James and Nurse Talley provided care until the paramedics arrived at 11:08 p.m.[3] Sutherland was transported to St. Joseph's Hospital, where he recovered.

**B. Hernia**

On May 15, 2007, Sutherland reported to the jail's medical facility complaining of pain in his groin. A nurse practitioner evaluated him and found that he had a hernia but noted that it had not yet descended into his scrotum and was therefore reducible.[4] The medical staff ordered a hernia support belt and provided Sutherland with Tylenol 500 mg for pain relief

---

treated, & cleared @ 1306 hrs." (Defs.' Ex. 1.)

[3] The logbook states: "Signal 55, 1B (Heart Attack!) upgraded to Code Red at 2242. I/M David Sutherland suffered a Cardiac Arrest; he was revived by Nurses Talley and James along with the EMT's. I/M en route to Candler E.R. via EMS with Dep. Rogers as Escorting Officer. Signal Cleared @ 2321.... EMS departed facility @ 2330." (Defs.' Ex. 1.)

[4] On an undisclosed date, Dr. Nowak, a physician contracted by the jail, examined Sutherland's hernia and found that it was "nonsurgical because it is very small and does not extend into the scrotal sac. Moreover, this hernia has never shown any signs of incarceration (when the intestines bulge through the hernia) or strangulation (injury to the blood supply of the intestines when incarceration occurs)." (Nowak Aff. ¶ 8.)

4

until the belt arrived. Sutherland complained of pain again on June 11, 2007. The staff noted that Sutherland refused to wear the hernia support belt and instead demanded that the Medical Department pay for surgery. The staff provided Motrin for pain relief. A week later, Sutherland once again complained of discomfort from the hernia, along with constipation. This time, he arrived wearing his hernia support belt. The medical department prescribed Sutherland Tylenol 500 mg for pain and Dulcolax for the constipation.

### C. Dental Complaints

On June 27, 2007, Sutherland complained to the jail's dental staff about a loose tooth and bridge. Dr. Sams, a staff dentist, evaluated Sutherland on July 10, 2007. Sams noted that one of Sutherland's teeth was "severely decayed, causing his bridge to become loose," so Sams "explained to Sutherland that the broken tooth would need to be fixed if he wanted to keep the bridge." (Sams Aff. ¶ 7.) Dr. Sams advised Sutherland that the Chatham County Detention Center did not have the equipment or facilities necessary to save the bridge but explained that Sutherland could be transported at his own expense to an outside dentist for treatment.

Until outside treatment could be arranged, Sams stated that he could only offer palliative care or extraction. After being informed of his options, Sutherland refused treatment, stating that he would be released in a few months and would handle it then. A few months passed and Sutherland returned to the dental unit, once again complaining of tooth pain. His tooth had broken and the bridge had fallen out. Dr. Lindsey Jackson offered Motrin for pain.

## II. LEGAL FRAMEWORK

### A. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure requires a court to enter summary judgment where the record, taken as a whole, establishes "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "An issue of fact is 'material' if it might affect the outcome of the case under the governing law. . . . It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the non-moving party." Baker v. Sears, Roebuck & Co., 903 F.2d 1515, 1518 (11th Cir. 1990) (citations omitted).

The moving party "always bears the initial responsibility of informing the [trial] court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has shown that the party bearing the burden of proof at trial lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Id. at 324 (quoting Rule 56(e)).

"Although reasonable inferences to be drawn from the facts must be viewed in the light most favorable to the non-moving party, that party 'must present affirmative evidence in order to defeat a properly supported motion for summary judgment' to show that there is a genuine issue for trial." Tidmore v. BP Oil Co./Gulf Prods. Div., 932 F.2d 1384, 1387 (11th Cir. 1991) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986)). A mere scintilla of evidence supporting the non-moving party's position will not fulfill its burden. Walker v. Darby, 911 F.2d 1573, 1577

(11th Cir. 1990). The Court must consider the entire record in the case, not just those portions of the record which have been singled out for attention by the parties. Baker, 903 F.2d at 1519.

B. **Deliberate Indifference**

In Estelle v. Gamble, 429 U.S. 97 (1976), the Supreme Court held that the Eighth Amendment's proscription against cruel and unusual punishment prevents prison personnel from subjecting an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 106. "To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003); Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). "First, a plaintiff must set forth evidence of an objectively serious medical need." Farrow, 320 F.3d at 1243; Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. "Second, a plaintiff must prove that the prison official acted with an attitude of 'deliberate indifference' to that serious medical need." Farrow, 320 F.3d at 1243; Farmer v. Brennan, 511 U.S. 825, 834 (1994); McElligott

v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir. 1999).

In order to establish a serious medical need, an inmate must show a medical need "diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Farrow, 320 F.3d at 1243 (citations omitted). It "must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" Id. (citation omitted). Under the subjective component, "an official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." McElligott, 182 F.3d at 1255 (quoting Lancaster v. Monroe County, 116 F.3d 1419, 1425 (11th Cir. 1997)); Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989) (noting that "knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference"). "Even where medical care is ultimately provided, a prison official may nonetheless act with deliberate indifference by delaying the treatment of serious medical needs, even for a period of hours, though the reason for the delay and the nature of the medical need is

relevant in determining what type of delay is constitutionally intolerable." McElligott, 182 F.2d at 1255; Harris v. Coweta County, 21 F.3d 388, 393-394 (11th Cir. 1994); Brown v. Hughes, 894 F.2d 1533, 1537-1539 (11th Cir. 1990). "A core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness." McElligott, 182 F.3d at 1257.

## III. ANALYSIS

Sutherland alleges that the jail's medical and dental staff were deliberately indifferent to his serious medical needs. Specifically, he contends that Nurse Morgan denied necessary care for his heart attack, the medical staff denied him necessary care for his hernia, and Jackson and Sams denied him care for his broken tooth. (Doc. 93 at 7-10.) Sutherland, however, has not provided any evidence showing deliberate indifference on the part of any of the jail's medical or dental staff. As he has not met his burden of production as to the subjective component of a § 1983 medical

claim, his claims against the defendants fail as a matter of law.

Looking first to the heart attack, there is no indication in the record that Nurse Morgan or any other member of the jail's medical staff was subjectively aware of the seriousness of Sutherland's condition and still failed to provide necessary medical treatment. Nurse Morgan stated in her affidavit that had Sutherland "exhibited signs and symptoms indicating that he needed emergent care at an advanced facility, i.e. a hospital, 911 would have been called and [Sutherland] would have been immediately referred and transported via Emergency Medical Services." (Morgan Aff. ¶ 6.) Moreover, when the staff became aware of the seriousness of the condition, they acted promptly and appropriately, keeping Sutherland alive until he could be transported to a local hospital.[5] Accordingly, it is apparent from the admitted facts that Sutherland's claim of deliberate indifference regarding the heart attack is without merit.

Second, Sutherland received adequate treatment for his hernia. Although he preferred a different course of treatment, a detainee's mere

---

[5] While the Court can understand Sutherland's frustration at what he perceived to be the slow pace of treatment, similar situations occur with great frequency throughout the community. Sutherland is not entitled to perfect medical care simply because he was incarcerated at the time of the incident. Indeed, he should spend some time reflecting upon the fact that the jail's medical staff *saved his life*.

disagreement with a jail's medical personnel about the proper course of treatment does not entitle him to § 1983 relief. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). At the relevant times described in the complaint, Sutherland's hernia did not require surgical intervention, and he has not offered any evidence showing that the prescribed course of treatment was inappropriate.

Third, Sutherland was offered the only treatment available for his dental issues, but he refused it. None of the facts admitted before the Court show that Sams or Jackson were deliberately indifferent to a serious medical need. Sams offered to allow Sutherland to visit his own dentist and noted that pain management or extraction was available. As with the hernia, Sutherland refused the treatment offered, insisting upon more than the jail could reasonably be expected to provide.[6]

As Sutherland's medical treatment was constitutionally adequate for all three of his ailments, he has not shown that any of the defendants

---

[6] Moreover, nothing indicates that the decayed tooth had become infected or that Sutherland could not eat and lived in extreme pain because of the lack of treatment. Accordingly, it is questionable as to whether the objective component of the inquiry has been met. Cf. Farrow, 320 F.3d at 1244-45 (noting that the objective component was met when plaintiff suffered "pain, bleeding and swollen gums, two remaining teeth slicing into gums, weight loss, and such continuing problems").

violated his rights. Furthermore, even if the treatment was constitutionally unsound, there is no evidence linking St. Lawrence and Holmes to that deficiency, and without such a showing, they cannot be held liable for the actions of their subordinates. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). Sutherland has alleged that St. Lawrence and Holmes have created a policy of denying necessary medical care to detainees and that they have deliberately trained their officers to ignore the inmates' medical needs. (Doc. 12 at 4, 6.) As noted by defendants, however, Sutherland has presented no evidence or affidavit in support of his assertions. (Doc. 95 at 2.) His conclusory statements are not enough to create an issue of fact that would preclude the granting of summary judgment on his claims. Celotex Corp., 477 U.S. at 324 (once the movant has shown that the party bearing the burden of proof at trial lacks evidence on an essential element of his claim, the burden of production shifts to the nonmoving party "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'").

## IV. CONCLUSION

Sutherland has failed to raise a genuine issue of material fact requiring a trial on any of his claims, so defendants have demonstrated that they are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment should be **GRANTED**, and this case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 5th day of January, 2009.

*[Signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA