IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DAVID RICHARD SUTHERLAND, )
)
    Plaintiff, )
)
v. ) CASE NO. CV407-096
)
AL ST. LAWRENCE, McARTHUR )
HOLMES, DR. SAMS, and DR. )
JACKSON, )
)
    Defendants. )
)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 120), to which objections[1] have been filed (Doc. 122). After a careful de novo review, the Court concurs with the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation is **ADOPTED** as the Opinion of this Court with the addition set forth below. This

---

[1] Plaintiff raises several objections to the Magistrate Judge's reliance on affidavits submitted by the Defendants. (Doc. 122.) Plaintiff's Objections are in error. At summary judgment the Court takes all the evidence as a whole and draws all inferences in the light most favorable to the non-moving party. Burger King Corp. v. E-Z Eating, 41 Corp., 572 F.3d 1306, 1312-13 (11th Cir. 2009). However, once the Defendant has provided evidence establishing the lack of a material issue of fact, the Plaintiff must offer competent evidence rebutting that showing. Id. at 1313. In the absence of such evidence, the Court can rely on the undisputed facts put forth by the Defendant. See id. Here, the statements relied upon by the Magistrate Judge were not rebutted by competent proof. (See Doc. 120.) Therefore, the objections are unfounded.

case is **DISMISSED**. The **Clerk of Court** is **DIRECTED** to **close this case.**

The Court agrees with the Magistrate Judge that the statement by Dr. Jackson[2] referenced in footnotes eleven and fifteen of the Report and Recommendation is hearsay, despite the fact that, at first blush, the statement may appear to fall into the exception for a party admission. (Doc. 120 at 15-18 nn. 11 & 15.) This is because for the party admission exception to apply the statement need not only be made by a party to the case, but it must be offered against the party. See Fed. R. Evid. 801 Note to Subdivision (d)(2)(A) ("If [the party] has a representative capacity <u>and the statement is offered against him in that capacity</u>," the statement is not considered hearsay. (emphasis added)). In this case, Dr. Jackson's statement does not suggest any misconduct on the part of Dr. Jackson, instead it is offered to show that Dr. Sams engaged in misconduct prior to Dr. Jackson's examination of the Defendant. (Doc. 93 at 5.) Therefore, the statement is inadmissible hearsay and cannot be considered.

SO ORDERED this 31ST day of August, 2009.

WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiff avers that Dr. Jackson told him the bridge could have been saved, but at the time when Dr. Jackson saw the Defendant it was too late. (Doc. 93 at 5.)